IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE JAMES BAILEY

        Plaintiff,                    No. 2:10-cv-02295 JAM KJN P

    vs.

FAIRFIELD POLICE DEPARTMENT, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  On September 9, 2011, defendants filed a motion to dismiss. (Dkt. No. 22.)  Previously, on February 15, 2011, the court advised plaintiff of the requirements for opposing such a motion.  Plaintiff was advised that failure to oppose such a motion "may be deemed a waiver of opposition to the motion." (Dkt. No. 10 at 3.)

       On October 20, 2011, plaintiff was directly ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days, and was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 27.)  Thereafter, on November 3, 2011, the court reminded plaintiff of the extended deadline for filing an opposition or a statement of non-opposition to defendants' motion, and directed the Clerk of Court to again

1

1  serve plaintiff with a copy of the motion at plaintiff's new address.  (Dkt. No. 30 at 3.)  Plaintiff
2  was informed that "failure to . . . file an opposition to defendants' pending motion to dismiss,
3  shall result in a recommendation that this action be dismissed."  (Id.)
4         Nearly three months have passed since defendants filed their motion, and plaintiff
5  has neither responded to the motion nor to the court's orders.
6         "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
7  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
8  1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
9  court order the district court must weigh five factors including:  '(1) the public's interest in
10 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
11 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
12 and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting
13 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
14 F.3d 52, 53 (9th Cir. 1995).
15        In determining whether to recommend that this action be dismissed, the court has
16 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly
17 support dismissal.  Plaintiff's failure to comply with the Local Rules and the court's orders
18 suggests that he has abandoned this action, and that further court time devoted to this case will
19 needlessly consume scarce judicial resources.  The third Ferdik factor, prejudice to defendants,
20 also favors dismissal.  Plaintiff's failure to oppose the motion prevents defendants from
21 addressing plaintiff's substantive opposition, and indefinitely delays resolution of this action,
22 causing defendants to incur additional time and expense.  The fifth factor, less drastic
23 alternatives, also favors dismissal.  The court has advised plaintiff of the requirements under the
24 Local Rules, and granted plaintiff ample additional time to oppose the pending motion, all to no
25 avail; the court finds no suitable alternative to dismissal of this action.
26        While the fourth factor, public policy favoring disposition of cases on their merits,

1  weighs against dismissal of this action as a sanction, all other factors strongly support dismissal,
2  and thus outweigh the general public policy promoted by the fourth factor.  See Ferdik, 963 F.2d
3  at 1263.
4         Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that
5  this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).
6         These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
8  one days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
11 objections shall be filed and served within fourteen days after service of the objections.  The
12 parties are advised that failure to file objections within the specified time may waive the right to
13 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14 DATED:  December 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bail2295.f&r.nooppo.kjn